**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| MOBILE MINI, INC., ERIK OLSSON, FREDERICK G. MCNAMEE, JEFFREY S. GOBLE, JAMES J. MARTELL, KIMBERLY J. MCWATERS, LAWRENCE TRACHTENBERG, MICHAEL L. WATTS, SARA R. DIAL, STEPHEN A. MCCONNELL, MICHAEL W. UPCHURCH, KELLY WILLIAMS, WILLSCOT CORPORATION, and PICASSO MERGER SUB, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.      This action stems from a proposed transaction announced on March 2, 2020 (the "Proposed Transaction"), pursuant to which Mobile Mini, Inc. ("Mobile Mini" or the "Company") will be acquired by WillScot Corporation ("Parent") and Picasso Merger Sub, Inc. ("Merger Sub," and together with Parent, "WillScot").

2.      On March 1, 2020, Mobile Mini's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with WillScot.  Pursuant to the terms of the Merger Agreement, Mobile Mini's

stockholders will receive 2.4050 shares of Parent common stock for each share of Mobile Mini common stock they own. Upon the closing of the Proposed Transaction, shareholders of Parent will own approximately 54% of the combined company and shareholders of Mobile Mini will own approximately 46% of the combined company.

3.      On April 17, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of Mobile Mini common stock.

9.     Defendant Mobile Mini is a Delaware corporation and maintains its principal executive offices at 4646 E. Van Buren Street, Suite 400, Phoenix, Arizona 85008.  Mobile Mini's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "MINI."

10.     Defendant Erik Olsson is Chairman of the Board of the Company.

11.     Defendant Frederick G. McNamee is a director of the Company.

12.     Defendant Jeffrey S. Goble is a director of the Company.

13.     Defendant James J. Martell is a director of the Company.

14.     Defendant Kimberly J. McWaters is a director of the Company.

15.     Defendant Lawrence Trachtenberg is a director of the Company.

16.     Defendant Michael J. Watts is a director of the Company.

17.     Defendant Sara R. Dial is a director of the Company.

18.     Defendant Stephen A. McConnell is a director of the Company.

19.     Defendant Michael W. Upchurch is a director of the Company.

20.     Defendant Kelly Williams is Chief Executive Officer, President, and a director of the Company.

21.     The defendants identified in paragraphs 10 through 20 are collectively referred to herein as the "Individual Defendants."

22.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

23.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action as a class action on behalf of himself and the other public

stockholders of Mobile Mini (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25.    This action is properly maintainable as a class action.

26.    The Class is so numerous that joinder of all members is impracticable. As of February 28, 2020, there were approximately 43,939,526 shares of Mobile Mini common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27.    Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

31.     Mobile Mini is a leading provider of portable storage solutions through its total rental fleet of approximately 200,200 storage solutions containers and office units, and a leading provider of tank and pump solutions in the United States, with a rental fleet of approximately 12,700 units.

32.     The Company's network is comprised of 156 locations in the U.S., U.K., and Canada.  Mobile Mini is included on the Russell 2000® and 3000® Indexes and the S&P Small Cap Index.

33.     On March 1, 2020, Mobile Mini's Board caused the Company to enter into the Merger Agreement with WillScot.

34.     Pursuant to the terms of the Merger Agreement, Mobile Mini's stockholders will receive 2.4050 shares of Parent common stock for each share of WillScot common stock they own.

35.     According to the press release announcing the Proposed Transaction:

WillScot Corporation (NASDAQ: WSC) ("WillScot") and Mobile Mini, Inc. (NASDAQ: MINI) today announced the companies have entered into a definitive merger agreement under which WillScot, a leading specialty rental services provider of innovative modular space and portable storage solutions across North America, will combine with Mobile Mini, a leading provider of portable storage solutions serving customers in the U.S., U.K., and Canada. Mobile Mini stockholders will receive 2.4050 shares of WillScot common stock for each share of Mobile Mini common stock in an all-stock merger of equals transaction.

The implied total enterprise value of the combined company is approximately $6.6 billion. Upon completion of the transaction, current WillScot and Mobile Mini stockholders will own 54% and 46% of the combined company, respectively. The transaction is expected to close in the third quarter of 2020. . . .

Organizational Structure

Following the close of the transaction, Brad Soultz, WillScot's Chief Executive Officer, will serve as Chief Executive Officer of the combined company, Kelly

Williams, Mobile Mini's President and Chief Executive Officer, will serve as President and Chief Operating Officer of the combined company, Tim Boswell, WillScot's Chief Financial Officer, will serve as Chief Financial Officer of the combined company and Chris Miner, Mobile Mini's General Counsel, will serve as General Counsel of the combined company.

The combined company's board of directors will consist of 11 directors, 6 of which are members from the WillScot Board of Directors and 5 of which are members from the Mobile Mini Board of Directors. Erik Olsson, the Non-Executive Chairman of the Board of Directors of Mobile Mini, will serve as Non-Executive Chairman of, and Gerry Holthaus, Non-Executive Chairman of the Board of Directors at WillScot, will serve as Lead Independent Director of, the board of directors of the combined company.

Combination Overview and Financial Rationale

Mobile Mini stockholders will receive 2.405 shares of WillScot common stock for each share of Mobile Mini common stock held and, based on the closing price of WillScot's Class A common stock on February 28, 2020, the consideration implies a premium of 8% to the closing price of Mobile Mini common stock on the same day. As part of the transaction, TDR Capital will exchange all of its shares of Williams Scotsman Holdings Corp. into approximately 10.6 million shares of WillScot Class A common stock pursuant to the Exchange Agreement dated November 29, 2017 among WillScot, Williams Scotsman Holdings Corp. and affiliates of TDR Capital, and all shares of WillScot's Class B Common Stock will be cancelled for no consideration. Upon the effective time of the merger, the combined company will have a single class of common stock. . . .

The transaction has been approved by the Boards of Directors of WillScot and Mobile Mini. The transaction is subject to customary closing conditions, including receipt of customary antitrust approval and approval by the stockholders of each company, and is expected to close in third quarter of 2020. Additionally, the transaction also has the support of TDR Capital, which has entered into a customary voting agreement in support of the transaction. TDR Capital will be subject to a contractual lock-up for six months following closing. In the first year following the lock-up, TDR Capital will be prohibited from selling more than 50% of its shares of the combined company.

Morgan Stanley & Co. LLC served as the lead financial advisor to WillScot, Rothschild & Co. served as the financing advisor to WillScot, and Stifel, Nicolaus & Co., Inc. served as the financial advisors to the special committee of WillScot's Board of Directors. BofA Securities Inc., Deutsche Bank Securities Inc., and J.P. Morgan Securities LLC served as additional financial advisors to WillScot. Allen & Overy LLP acted as external legal counsel to WillScot. Barclays Capital Inc. and Goldman Sachs & Co. LLC served as the financial advisors to Mobile Mini, and Davis Polk & Wardwell LLP acted as external legal counsel to Mobile

Mini.

***The Registration Statement Omits Material Information***

36.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

37.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

38.     First, the Registration Statement omits material information regarding the Company's, WillScot's, and the combined company's financial projections.

39.     With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Adjusted EBIT, and (c) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

40.     With respect to WillScot's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Adjusted EBIT, and (c) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

41.     With respect to the combined company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Adjusted EBIT, (c) Levered Free Cash Flow, and (d) Unlevered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

42.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows

stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

43.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Barclays Capital Inc. ("Barclays") and Goldman Sachs & Co. LLC ("Goldman").

44.     With respect to Barclays' Selected Comparable Company Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed by Barclays in the analysis.

45.     With respect to Barclays' Mobile Mini Standalone Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the terminal values of Mobile Mini; (iii) the individual inputs and assumptions underlying the range of after-tax discount rates of 8.5% to 9.5% and the range of perpetuity growth rates of 2.0% to 3.0%; (iv) net debt; and (v) the number of fully diluted outstanding shares of Mobile Mini common stock.

46.     With respect to Barclays' Combined Company Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the terminal values of the combined company; (iii) the individual inputs and assumptions underlying the range of after-tax discount rates of 8.5% to 9.5% and the range of perpetuity growth rates of 2.25% to 3.25%; (iv) pro forma net debt; and (v) the estimated number of fully diluted outstanding shares of combined company common stock.

47.     With respect to Barclays' Mobile Mini Standalone Present Value of Future Share Price Analysis, the Registration Statement fails to disclose: (i) Barclays' basis for applying a range of multiples of EV to next twelve months' Adjusted EBITDA of 9.0x to 11.5x; (ii) net debt; (iii)

the number of fully diluted outstanding shares of Mobile Mini common stock; (iv) the anticipated amount of annual dividends per share; and (v) the individual inputs and assumptions underlying the discount rate of 12.4%.

48.     With respect to Barclays' Combined Company Present Value of Future Share Price Analysis, the Registration Statement fails to disclose: (i) Barclays' basis for applying a range of multiples of EV/NTM Adj. EBITDA of 8.5x to 11.0x; (ii) net debt; (iii) the number of fully diluted outstanding shares of Mobile Mini; and (iv) the individual inputs and assumptions underlying the discount rate of 11.4%.

49.     With respect to Barclays' Transaction Premium Analysis, the Registration Statement fails to disclose: (i) the transactions observed by Barclays in the analysis; and (ii) the premiums paid in the transactions.

50.     With respect to Barclays' Equity Analyst Target Prices Analysis, the Registration Statement fails to disclose: (i) the individual price targets observed by Barclays in the analysis; and (ii) the sources thereof.

51.     With respect to Barclays' Illustrative Pro Forma Merger Analyses, the Registration Statement fails to disclose: (i) the net debt of Mobile Mini and WillScot; (ii) the projected adjusted earnings per share used by Barclays in the analyses; (iii) the projected adjusted net income of the combined company; (iv) the estimated number of fully diluted outstanding shares of combined company common stock; and (v) Barclays' basis for using an EV/NTM Adj. EBITDA multiple of 9.3x.

52.     With respect to Goldman's Mobile Mini Standalone Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the individual inputs and assumptions underlying the discount rates ranging

from 6.50% to 7.50% and the perpetuity growth rates ranging from 1.00% to 2.00%; (iii) the terminal values for Mobile Mini; (iv) Mobile Mini's net debt; and (v) the number of fully diluted outstanding shares of Mobile Mini common stock.

53.    With respect to Goldman's Combined Company Pro Forma Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) all line items used to calculate unlevered free cash flows; (ii) the individual inputs and assumptions underlying the discount rates ranging from 6.75% to 7.75% and the perpetuity growth rates ranging from 1.25% to 2.25%; (iii) the terminal values for the combined company; (iv) the combined company's pro forma net debt; and (v) the estimated number of fully diluted outstanding shares of WillScot common stock.

54.    With respect to Goldman's Mobile Mini Standalone Present Value of Future Share Price Analysis, the Registration Statement fails to disclose: (i) Goldman's basis for applying a range of illustrative multiples of enterprise value to next twelve months' adjusted EBITDA of 9.0x to 11.5x; (ii) Mobile Mini's forecasted net debt; (iii) the number of fully diluted outstanding shares of Mobile Mini common stock; (iv) the cumulative dividends per share expected to be paid on shares of Mobile Mini common stock; and (v) the individual inputs and assumptions underlying the discount rate of 8.0%.

55.    With respect to Goldman's Pro Forma Present Value to be Received per Share of Mobile Mini Common Stock, the Registration Statement fails to disclose: (i) Goldman's basis for applying a range of illustrative EV/NTM Adj. EBITDA multiples of 8.5x to 11.0x; (ii) the combined company's pro forma net debt; (iii) the estimated number of fully diluted outstanding shares of WillScot common stock; (iv) the cumulative dividends projected to be paid to Mobile Mini stockholders; and (v) the individual inputs and assumptions underlying the discount rate of 9.0%.

56. With respect to Goldman's Historical Premia Analysis, the Registration Statement fails to disclose: (i) the transactions observed by Goldman in the analysis; and (ii) the premiums paid in the transactions.

57. With respect to Goldman's Illustrative Contribution Analysis, the Registration Statement fails to disclose the individual inputs and assumptions underlying the discount rates of 7.0% and 7.5% and the perpetuity growth rates of 1.5% and 2.0%.

58. With respect to Goldman's Illustrative Pro Forma Merger Analysis, the Registration Statement fails to disclose: (i) the net debt of Mobile Mini and WillScot; (ii) the expected adjusted earnings per share used by Goldman in the analysis; (iii) the adjusted net income of the combined company; and (iv) the estimated number of fully diluted outstanding shares of combined company and Mobile Mini common stock.

59. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

60. The omission of the above-referenced material information renders the Registration Statement false and misleading, including, inter alia, the following sections of the Registration Statement: (i) Recommendation of the Mobile Mini Board; (ii) Opinions of Mobile Mini's Financial Advisors; and (iii) Certain Unaudited Prospective Financial Information.

61. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Mobile Mini**

62. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63.    The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Mobile Mini is liable as the issuer of these statements.

64.    The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

65.    The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

66.    The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

67.    The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

68.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

69.    Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and WillScot

70.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

71.     The Individual Defendants and WillScot acted as controlling persons of Mobile Mini within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Mobile Mini and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

72.     Each of the Individual Defendants and WillScot was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

73.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

74.     WillScot also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

75.    By virtue of the foregoing, the Individual Defendants and WillScot violated Section 20(a) of the 1934 Act.

76.    As set forth above, the Individual Defendants and WillScot had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: April 21, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)

**OF COUNSEL:**

300 Delaware Avenue, Suite 1220
Wilmington, DE 19801

**RM LAW, P.C.**
Telephone: (302) 295-5310

Richard A. Maniskas
Facsimile: (302) 654-7530

1055 Westlakes Drive, Suite 300
Email: bdl@rl-legal.com

Berwyn, PA 19312
Email: gms@rl-legal.com

Telephone: (484) 324-6800
Facsimile: (484) 631-1305

Email: rm@maniskas.com
*Attorneys for Plaintiff*